JKM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Martiniano Pacheco-Tellez, | ) | No. CV 05-2628-PHX-DGC (VAM) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Alberto Gonzales, et al., | ) | |
| Respondents. | ) | |

Petitioner Martiniano Pacheco-Tellez (A92-561-114), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner also has filed a Motion for Emergency Stay of Deportation (Doc. #2) and a Motion for Appointment of Counsel (attached to Doc. #2).  Petitioner's motions will be denied and the Petition will be dismissed without prejudice to Petitioner's prosecution of his claims in his petition for review with the United States Court of Appeals for the Ninth Circuit.

**BACKGROUND**

Petitioner is a native and citizen of Mexico who entered the United States more than twenty five years ago.  He was subsequently convicted of Open or Gross Lewdness in violation of Nevada law.  On February 18, 2004, an immigration judge entered an order to deport Petitioner to Mexico under 8 U.S.C. § 1227(a)(2)(A)(iii) (alien convicted of an aggravated felony) and 8 U.S.C. § 1227(a)(2)(E)(i) (alien convicted of a child abuse offense).

1   On March 18, 2005, the Board of Immigration Appeals ("BIA") dismissed Petitioner's

2   appeal.  On July 21, 2005, the United States Court of Appeals for the Ninth Circuit denied

3   Petitioner's petition for review for lack of jurisdiction. <u>Pacheco-Tellez v. Gonzales</u>, No. 05-

4   71741 (9th Cir. Jul. 21, 2005) (unpublished order).  However, the Ninth Circuit's dismissal

5   order provided that the temporary stay of removal previously entered by that court was to

6   remain in effect until the issuance of the court's mandate.  <u>Id.</u>  On August 9, 2005, Petitioner

7   filed a motion to reconsider and to stay the mandate with the Ninth Circuit.  The appellate

8   docket reflects that Petitioner's motion to reconsider is still pending and that the mandate has

9   not yet issued.

10          In his Petition for Writ of Habeas Corpus, Petitioner challenges his removal order on

11   the grounds that his Nevada conviction should not have been treated as either an aggravated

12   felony or a child abuse offense.  He also claims that the Ninth Circuit's dismissal of his

13   petition for review for lack of jurisdiction was erroneous because he was not convicted of a

14   jurisdiction stripping offense. The Petition will be dismissed because this Court lacks

15   jurisdiction to entertain a challenge to a final order of removal.

16                                        **JURISDICTION**

17          On May 11, 2005, the President signed into law the REAL ID Act of 2005.  Pub. L.

18   No. 109-13, 119 Stat. 231 (May 11, 2005). As amended by the REAL ID Act, 8 U.S.C. §

19   1252(a)(5) now provides in relevant part:

20          (5) EXCLUSIVE MEANS OF REVIEW. – Notwithstanding any other
            provision of law (statutory or nonstatutory), including section 2241 of title 28,
21          United States Code, or any other habeas corpus provision, and sections 1361
            and 1651 of such title, a petition for review filed with an appropriate court of
22          appeals in accordance with this section shall be the sole and exclusive means
            for judicial review of an order of removal entered or issued under any
23          provision of this Act, except as provided in subsection (e).

24   REAL ID Act §106(a)(1)(B).  By this amendment, Congress has deprived this Court of

25   habeas corpus jurisdiction to review an order of removal entered under the Immigration and

26   Nationality Act.  Moreover, § 106(b) of the REAL ID Act provides that § 106(a) of the Act

27   is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and

28   shall apply to cases in which the final administrative order of removal, deportation, or

1  exclusion was issued before, on, or after the date of enactment."  REAL ID Act § 106(b).

2  In addition to stripping the district courts of jurisdiction to review orders of removal,

3  the REAL ID Act also "restored judicial review of constitutional claims and questions of law

4  presented in petitions for review of final removal orders" in the courts of appeals.

5  Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir. 2005).  Under the prior version of

6  8 U.S.C. § 1252(a)(2)(C), the courts of appeals were deprived of jurisdiction to review

7  removal orders entered against certain criminal aliens.  But § 106(a)(1)(A)(iii) of the REAL

8  ID Act restored jurisdiction in the courts of appeals to review removal orders entered against

9  criminal aliens:

10
11  (D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS. – Nothing in
subparagraph (B) or (C), or in any other provision of this Act (other than this
section) which limits or eliminates judicial review, shall be construed as
12  precluding review of constitutional claims or questions of law raised upon a
petition for review filed with an appropriate court of appeals in accordance
13  with this section.

14  REAL ID Act §106(a)(1)(A)(iii); Fernandez-Ruiz, 410 F.3d at 587.  Additionally, § 106(c)

15  of the REAL ID Act provides that if any § 2241 habeas corpus case "challenging a final

16  administrative order of removal . . . **is pending in a district court on the date of enactment**,

17  then the district court shall transfer the case . . . to the [appropriate] court of appeals."  REAL

18  ID Act §106(c) (emphasis added).  This action, however, cannot be transferred under §

19  106(c) because it was not pending in this Court on the date of enactment.  Additionally, it is

20  unnecessary to transfer this action to the court of appeals since Petitioner's motion to

21  reconsider the dismissal of his petition for review is still pending in that court.  Accordingly,

22  this action will be dismissed without prejudice to Petitioner's prosecution of his motion to

23  reconsider in Pacheco-Tellez v. Gonzales, No. 05-71741 (9th Cir. motion filed Aug. 9, 2005).

24  **IT IS THEREFORE ORDERED** that this action is **dismissed** without prejudice for

25  lack of jurisdiction and the Clerk of Court shall enter judgment accordingly.

26  //

27  //

28

1     **IT IS FURTHER ORDERED** that Petitioner's Motion for Emergency Stay of

2  Deportation  (Doc. #2) and Motion for Appointment of Counsel (attached to Doc. #2) are

3  denied as moot.

4     Dated this 13th day of October, 2005.

5

6

7

8  _____
                         David G. Campbell
                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28